Henry Epstein, J.
This is a proceeding pursuant to article 78 of the Civil Practice Act in which the tenant seeks to review and annul a determination of the respondent, State Bent Administrator. Heretofore, and on or about March 16,1959, the tenant caused a proceeding to be instituted for violations by the landlord in which she requested the amount of the registered rent. The landlord claimed that the premises were leased for commercial purposes; the tenant claimed she was forced by circumstances to sign a commercial lease and that said lease is a device by the landlord to secure a higher rental in evasion of the rent control laws. After a conference held by the Local Administrator and a physical inspection of the premises, and on the papers submitted an order was made on July 23, 1959 fixing the maximum rent at $51.75 per month. The landlord filed a protest which was denied by the State Administrator on October 30, 1959. Thereupon, the landlord instituted an article 78 proceeding to this court. On the request of the Bent Administrator and with the consent of the landlord, but without the consent of the tenant, the matter was remitted by order of this court to the Administrator for further consideration on December 28,1959. On March 15, 1960 a conference was held at the principal office of the commission and the very scant notes of that proceeding are attached to the return. Written across the second and last page of said notes is the phrase “ I don’t believe T I believe L AK ”. There are also contained two stipulations adjourning the determination of the “protest” to May 20, 1960. There is also a dispute as to whether there was an oral stipulation extending the time indefinitely, which is vigorously objected to by the tenant and her attorney. This was done according to the respondent to await the determination of the Court of Appeals in a case which landlord had relied on and which was on appeal from a determination of the Appellate Division, Second Department. When it became apparent that this case could not be heard until the Fall and on the request of the landlord, the Administrator determined the proceeding *748 and on July 20, 1960 set aside the prior orders and granted the protest. Although the court is of the opinion that the testimony on which the respondent reversed himself is inadequate and not sufficiently detailed in the second order to explain the reversal, it is not necessary to go into the merits on this application to decide the matter.
Subdivision 4 of section 8 of the Emergency Housing Rent Control Law (L. 1946, ch. 274, as amd. by L. 1959, ch. 695) provides: “If the commission does not act finally within a period of ninety days after the protest is filed, or within such extended period as may be fixed by the commission with the consent of the party filing the protest, the protest shall be deemed to be denied. If the commission does not act finally within a period of ninety days after the entry of an order of remand to the commission by the court in a proceeding instituted pursuant to section nine, the order previously entered by the commission shall be deemed reaffirmed.” (Emphasis supplied.) Section 101 of the State Rent and Eviction Regulations provides in its two numbered subdivisions substantially the same and in similar language. It is noted that on a protest the period of time within which the Administrator may make a determination may be extended with the consent of the party filing the protest. However, no such extension is allowed on a remand from the court. This was so understood by the Administrator and carried out in his Rules and Regulations which implemented the law. In conferring jurisdiction on the court, subdivision 1 of section 9 of the Emergency Housing Rent Control Law (L. 1946, ch. 274, as amd. by L. 1959, ch. 695) provides: “ Upon the filing of such petition the court shall have jurisdiction to set aside such regulation or order, in whole or in part, to dismiss the petition, or to remit the proceeding to the commission; provided, however, that the regulation or order may be modified or rescinded by the commission at any time notwithstanding the pendency of such proceeding for review.” (Emphasis supplied.) Thus, the Administrator could have modified or rescinded the order while the prior proceeding was pending. However, he requested and was granted a remission or remand of the matter by the court. Such order of the court, by statute and his own regulations, must be determined within 90 days and cannot be extended. The matter is no longer in the protest stage of the proceeding but is in the stage of judicial review. Accordingly, the petition is granted, the order of the Administrator dated July 20, 1960 is set aside and by operation of law the order dated October 30, 1959 is affirmed, the Administrator having failed to decide said matter within 90 days after the order of remand entered thereon.